IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| PATRICK M. MIKSCH, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | 4:18CV3008 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD HANSEN, Warden, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Patrick M. Miksch filed his petition for writ of habeas corpus on January 18, 2018. The matter was progressed and Respondent filed what Respondent asserted were the relevant state court records. Respondent also filed a motion for summary judgment claiming that the statute of limitations for filing this action had long since passed. The matter has been briefed and is now submitted.

Petitioner has objected to the motion explaining that Respondent has not submitted what Petitioner considers to be all the necessary state court records. While I disagree with Petitioner that Respondent has failed to file the necessary state court records and I deny the objection, out of an abundance of caution, I also take judicial notice of the *entire* state court records that are available to the public online through the "Nebraska Courts Case Search" platform. *See Stutzka v. McCarville,* 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Having done so, I now grant the motion for summary judgment.

## Background

1.  On November 4, 2013, the state district court entered an order indicating that Petitioner Patrick M. Miksch had entered a plea of no contest (as part of a plea agreement) to First Degree Sexual Assault, a Class II felony. (Filing no. 10-4, at CM/ECF pp. 1-2).

2. On January 22, 2014, the state district court entered an order sentencing Petitioner to 20 to 25 years in prison, with 14 days' credit for time served. (Filing no. 10-4, at CM/ECF pp. 3-4).

3. On February 20, 2014, Petitioner timely appealed. (Filing no. 10-1, at CM/ECF p. 11). On appeal, Petitioner argued various matters including that his sentence was excessive and that he received ineffective assistance of trial counsel in several respects. (Filing no. 10-8). Renee Mathias, together with Michael J. Wilson, signed the appellate brief on behalf of Petitioner.[1] *Id*. On January 23, 2015, the Nebraska Court of Appeals affirmed Petitioner's sentence but did not address the question of whether trial counsel was ineffective due to the lack of an adequate record. (Filing no. 10-10). Petitioner did not file a petition for further review. (Filing no. 10-2, at CM/ECF p. 2). The mandate was issued on March 9, 2015. *Id.*

4. On August 11, 2015, Petitioner filed a motion for post-conviction relief in the state district court by and through a separate and independent retained lawyer Sean Conway.[2] (E.g., filing no. 10-5). On January 8, 2016, on Conway's motion to dismiss without prejudice, a copy of which was served on Renee Mathias, who Conway asserted was then representing Miksch (filing no. 10-5, CM/ECF pp. 15-18), the state district court dismissed Petitioner's motion for post-conviction relief without prejudice. (Filing no. 10-5, at CM/ECF p. 19).

5. About a year later, on January 4, 2017, Petitioner filed another post-conviction action while proceeding pro se. (Filing no. 10-7.) After counsel (a third separate lawyer Bradley A. Ewalt) was appointed to represent Petitioner,[3] the state district court held a hearing with Petitioner present, the judge accepted an offer of proof

---

[1] These lawyers were with the Schaefer Shapiro law firm.

[2] He was with the Dornan, Lustgarten & Troia law firm.

[3] *State v. Miksch*, Case ID CR 12 0000298, image number 000163525D07 (Madison County District Court, Nebraska, January 4, 2017).

by Ewalt in lieu of testimony by Petitioner, and then the judge dismissed the post-conviction action as time-barred.[4] The judge ruled that there "was no impediment to timely filing [that] had been created by State action or that any alleged impediment prevented the filing of defendant['s] motion within the statutory time limit."[5] The judge applied Nebraska's one-year state of limitations. Neb. Rev. Stat. § 29-3001 (West).

6. On June 5, 2017, Petitioner appealed. (Filing no. 10-1, at CM/ECF p. 7). On appeal, Petitioner took issue with the state district court's order denying Petitioner's second post-conviction action as time-barred. (Filing no. 10-9). On October 26, 2017, the Nebraska Court of Appeals summarily affirmed the judgment. (Filing no. 10-3, at CM/ECF p. 2); (filing no. 10-11). Petitioner filed a petition for further review, which was denied, and the mandate was issued on January 3, 2018. (Filing no. 10-3, at CM/ECF p. 2).

7. This federal habeas corpus action was commenced on January 18, 2018. (Filing no. 1.)

**Analysis**

It is undisputed that Miksch filed his petition in this court more than one year from the date on which his conviction became final. 28 U.S.C. § 2244(d)(1) (establishing a one-year limitations period for state prisoners to file for federal habeas relief). It is also undisputed that none of the statutory time exclusions apply.

To be specific (1) the statute began to run on February 23, 2015, following the direct appeal (30 days after the time for filing a petition for further review with the

---

[4] *State v. Miksch*, Case ID CR 12 0000298, image number 000169192D07 (Madison County District Court, Nebraska, May 15, 2017).

[5]*Id.*

3

Nebraska Supreme Court[6]) and stopped upon the filing of the first state post-conviction action on August 11, 2015[7], pursuant to 28 U.S.C. § 2244(d)(2); (2) on January 8, 2016, the statute began to run again when the state district court dismissed without prejudice the first action for post-conviction relief; and (3) the limitation period had long since expired by the time of the filing of the second action for post-conviction relief on January 4, 2017.

In summary, Petitioner waited nearly a year to file the second post-conviction action and the statute ran during this nearly year-long period of time. When the time between January 8, 2016, and January 4, 2017, (362 days) is added to the 169 days that elapsed between the direct appeal and the filing of the first post-conviction action, it is apparent that the federal statutory time bar applies unless Petitioner can find some non-statutory reason to excuse his failure. Stated more simply, the federal statute expired not later than July 23, 2016. No federal habeas corpus petition had been filed by that date.

However, Miksch asserts he is entitled to non-statutory reasons to excuse his tardy filing. Therefore, and liberally construing his arguments, the questions I must next consider are (1) whether the limitations period is subject to *equitable tolling*; or (2) whether Petitioner may be excused from the bar of the statute of limitations under the *miscarriage of justice* exception.

**Equitable Tolling**

A litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

---

[6] *Gonzales v. Thayer*, 565 U.S. 134, 137 (2012) (where a state prisoner does not seek review in the State's highest court, the judgment becomes final on the date the time for seeking such review expires); Neb. Ct. R. P. § 2-102(F)(1) (setting a 30 day time limit for filing a petition for further review); Neb. Rev. Stat. § 25-2221 (West) (explaining how filing deadlines are calculated).

[7] By then 169 days had run and there remained 196 days left.

in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id.* (internal quotation marks omitted). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner**.** *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In his unsworn objection, Miksch asserts that he is entitled to equitable tolling essentially because his retained lawyer (Sean Conway) in the first post-conviction action moved to dismiss it "without notice" to him. Miksch implies that he did not know about the dismissal without prejudice for some unspecified time. There are numerous problems with his claim for equitable tolling.

First, Miksch ignores the fact that Renee Mathias who worked on his direct appeal was served with a copy of the motion to dismiss. Second, Miksch does not assert that Conway acted without Petitioner's permission to dismiss the action without prejudice, only that it was done without notice to him. Third, Miksch does not state when he learned of the dismissal without prejudice. Fourth, he fails to explain what he was doing to pursue the post-conviction matter diligently between the time of the dismissal of the first action on January 8, 2016, and the filing of the second action nearly a year later on January 4, 2017. More specifically, Miksch does not explain what he was doing to pursue the matter diligently between the date of the dismissal without prejudice on January 8, 2016, and the day the federal statute ran on July 23, 2016, some 197 days. Fifth, Miksch ignores the fact the state trial judge handling the second post-conviction action appointed separate counsel, held a hearing with Petitioner present, accepted a

proffer of testimony and yet denied permission to proceed out of time because Petitioner's alleged impediments to a timely filing were insufficient.

With these points in mind, I find and conclude that Petitioner is not entitled to equitable tolling. Miksch did not act diligently. Assuming without deciding that Conway should have sent Miksch a copy of the motion to dismiss without prejudice, that Conway did not do so and that he should have filed a certificate of service showing that he served Petitioner, such errors, if any there be, would not amount to extraordinary circumstances. *See*, *e.g.*, *Muhammad v. United States*, 735 F.3d 812, 815-817 (8th Cir. 2013) (finding no due diligence and no extraordinary circumstances for purposes of equitable tolling even though movant relied upon the assertion by counsel that the time sensitive pleading would be filed and movant called and wrote to counsel thereafter but counsel did not respond).

## Miscarriage of Justice

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the bar of the statute of limitations under the miscarriage of justice exception. "Actual innocence" means factual innocence. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994).

A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented earlier and must show that it is more likely than not that, in light of the new evidence, no juror (or judge considering a plea), acting reasonably, would have found petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27; *Bousley v. United States*, 523 U.S. 614, 623-624 (1998) (plea context).

Miksch has not presented any reason to excuse him from the bar of the statute of limitations under the miscarriage of justice exception. He presents no new evidence of factual innocence.

**No Certificate of Appealability**

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The objection (filing no. 12) to the motion for summary judgment is denied. The motion for summary judgment (filing no. 9) is granted.
2. The petition for writ of habeas corpus (filing no. 1) is denied and dismissed with prejudice.
3. No certificate of appealability has been or will be issued.
4. A judgment will be entered by separate document.

DATED this 12th day of April, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge