IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PATRICK M. MIKSCH, | ) | |
| | ) | |
| Petitioner, | ) | 4:18CV3008 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD HANSEN, Warden, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

I granted summary judgment for the Respondent on April 12, 2018. (Filing no. 15; filing no. 16.) The motion for summary judgment was filed on March 23, 2018, together with the state court records and a brief in support. (Filing no. 9; filing no. 10; filing no. 11). On April 2, 2018, Petitioner filed an objection to the motion for summary judgment in which he argued that he was entitled to equitable tolling. (Filing no. 12.) Respondent filed a reply brief (as allowed by the progression order) on April 6, 2018 (filing no. 14.) When I granted summary judgment, I discussed Petitioner's claim to equitable tolling and also the miscarriage of justice exception.

After I issued the Memorandum and Order granting summary judgment and after I entered judgment, Petitioner filed a "reply" on April 16, 2018, again asserting his entitlement to equitable tolling. (Filing no. 17.) He never requested leave to file this additional response to the motion for summary judgment.

The progression order did not contemplate that Petitioner would be entitled to file *two* written arguments contesting a motion for summary judgment such as an "objection" and a "reply." As a matter of fact, it specifically prohibited the Petitioner from doing so without leave of the court. (Filing no. 6 ¶ 4D ("No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. *Petitioner must not submit any other documents unless directed to do so by the*

*court.*")). (Emphasis added.) Petitioner did not seek leave of the court to file the second response.

Accordingly, Petitioner's "reply" is a nullity. Furthermore, since I addressed all the arguments made by Petitioner in the "reply" in my earlier Memorandum and Order, it is unavailing on the merits. Therefore,

IT IS ORDERED that the "reply" (filing no. 17) is stricken because it was not authorized by the progression order and separately because it is moot. Furthermore, the "reply" considered as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure 60(a)&(b) is denied.

DATED this 19th day of April, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge